UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN R. DENNIS,<br><br>                    Petitioner<br><br>      v.<br><br>JESSICA SAGE,<br><br>                    Respondent. | CIVIL ACTION NO. 4:24-CV-00059<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

This is a *pro se* habeas corpus action arising under 28 U.S.C. § 2241, initiated upon the filing of the original Petition in this matter by Petitioner Kevin R. Dennis ("Dennis") on January 12, 2024. (Doc. 1). In his Petition, Dennis alleges that the Second Chance Act gives him the right of reentry into a residential reentry center ("RRC") seventeen to nineteen months prior to release, and the Bureau of Prisons ("BOP") has not given him direction of returning home. (Doc. 1, at 6). Dennis' Petition is silent as to the exhaustion requirement outlined by the Prison Litigation Reform Act ("PLRA"). (Doc. 1, at 6). Dennis is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"). (Doc. 1, at 1). Dennis requests no relief of the Court. (Doc. 1, at 7). Respondent Jessica Sage, the Warden of USP-Lewisburg, responded to the Petition on February 6, 2024. (Doc. 6). Dennis did not timely file a traverse. Instead, Dennis filed a motion asking the Court to define the term "Federal Inmate." (Doc. 7.) Dennis' Petition is now ripe for review and disposition. The record demonstrates that Dennis has failed to exhaust his administrative remedies. Therefore, the Court will dismiss the complaint. The Court will grant Dennis' motion asking it to define the term "Federal Inmate" and close the case.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On September 12, 2022, the United States District Court for the Southern District of New York sentenced Dennis to a 60-month term of imprisonment relating to using and carrying a firearm during and in relation to a drug trafficking crime. (Doc. 6-2, at 2, 6). Dennis' anticipated release date is presently calculated as March 14, 2025 via good conduct time release. (Doc. 6, at 2, 5). Dennis initiated the present action by filing his Petition on January 12, 2021. (Doc. 1). On February 6, 2024, Respondent filed a Response. (Doc. 6). Petitioner did not file a Traverse. In addition, Petitioner filed a Motion for the Court to Define Term "Federal Inmate" on March 4, 2024. (Doc. 7).

In his Petition, Dennis states that the Second Chance Act gives him the right of reentry in an RRC seventeen to nineteen months prior to returning to his family. (Doc. 1, at 6). He states this has been denied. (Doc. 1, at 6). He alleges that he is 37-months into a 60-month sentence and "have not received direction of returning home, with 9 months good time and 6 months halfway house time." (Doc. 1, at 6). He alleges that this is in violation of the Fourteenth Amendment. (Doc. 1, at 6.)

In the Response, Respondent identified Dennis as a "federal inmate incarcerated at USP Lewisburg." (Doc. 6, at 2). Respondent also filed Dennis' Administrative Remedy Generalized Retrieval showing that he has filed five administrative remedies throughout his incarceration in the BOP. (Doc. 6-2, at 2, 10-12). Of these five administrative remedies, none address his request to be placed in an RRC and none have received a final denial on the merits from the Central Office. (Doc. 6-2, at 2, 10-12). All five administrative remedies are seeking release or home confinement under the CARES Act due to COVID-19 and a medical condition. (Doc. 6-2, at 10-12). Dennis filed Remedy No. 1143083-F1, which was denied on

November 30, 2022 and appealed it through the Regional Office (1143083-F2 and 1143083-R1), but failed to appeal the Remedy to the Central Office. (Doc. 6, at 3; Doc. 6-2, at 10-11). He filed Remedy No. 1155189-F1, which was denied on April 6, 2023. (Doc. 6, at 3; Doc. 6-2, at 11). He also filed Remedy No. 1158245-F1, which was denied on April 21, 2023. (Doc. 6, at 3; Doc. 6-2, at 12). Neither of these initial denials were appealed. (Doc. 6, at 3; Doc. 6-2, at 11-12).

While Dennis did not file a reply to Respondent, he did file a motion asking the Court to define "federal inmate." (Doc. 7). In it he alleges that he does not challenge the execution of the judicial sentence given in the State of New York, but challenges his imprisonment in the State of Pennsylvania in violation of the federal law codifying the good conduct time and the First Step Act credits. (Doc. 7, at 1).

II. DISCUSSION

"Federal Courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). 28 U.S.C. § 2241 grants this Court jurisdiction to hear habeas corpus petitions. Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Learner v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). In the instant habeas petition, Dennis appears to be challenging the lack of official orders to transfer him to an RRC near his home as a violation of the Fourteenth Amendment. (Doc. 1, at 6).

A. Exhaustion of Administrative Remedies as Required by the PLRA

Dennis failed to address any administrative remedies in his petition. (Doc. 1, at 6). Respondent states that Dennis must exhaust his administrative remedies. (Doc. 6, at 3). The Court agrees with Respondent.

"Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner may not ordinarily bring a § 2241 petition, challenging the execution of his sentence, until he has exhausted all available administrative remedies." *Kmet v. Ortiz*, Civ. No. 19-9185 (RBK), 2020 WL 1685648, at *3 (D.N.J. Apr. 7, 2020) (citing *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000)) (denying Petitioner's claims due to his failure to exhaust administrative remedies when Petitioner filed a final appeal a month after the filing of his Petition). The PLRA "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Gardner v. Wetzel*, 1:18-cv-2285, 2020 WL 1244372, at *3 (M.D. Pa. Mar. 16, 2020) (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016)); *see also Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) ("[I]t is beyond the power of this court – or any other – to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."). The United States Court of Appeals for the Third Circuit has consistently held that inmates must exhaust procedural remedies before bringing a federal habeas claim. *Speight v. Minor*, 245 F. App'x 213, 215 (3d Cir. 2007) (not precedential); *Callwood*, 230 F.3d at 634; *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). In *Moscato*, the Third Circuit explained that exhaustion serves three valuable purposes: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested

4

conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." 98 F.3d at 761-62.

Dennis therefore needs to satisfy the procedural requirements of the BOP's administrative remedy program in order to properly exhaust the claims in his Petition. *See Moscato*, 98 F.3d at 761 ("[A] procedural default in the administrative process bars judicial review because 'the reasons for requiring that prisoners challenging disciplinary actions exhaust their administrative remedies are analogous to the reasons for requiring that they exhaust their judicial remedies before challenging their convictions....' ") (quoting *Sanchez v. Miller*, 792 F.2d 694, 698 (7th Cir. 1986)). Dennis has failed to exhaust his administrative remedies concerning release to an RRC before filing his petition. (Doc. 6-2, at 10-12).

An inmate's failure to exhaust administrative remedies may be excused where the inmate can show that there was no opportunity to obtain adequate redress or that exhaustion would be futile. *See Azzara v. Martinez*, Civ. Action No. 4:CV-11-1363, 2014 WL 2180163, at *6 (M.D. Pa. May 23, 2014); *see also Spencer v. Martinez*, Civ. No. 4:CV-09-0932, 2009 WL 4544744, at *2 (M.D. Pa. Nov. 30, 2009). Here, Dennis has been provided the opportunity to obtain adequate redress. He has historically completed the administrative review process and filed one round of appeals with the BOP concerning other claims. (Doc. 6, at 3; Doc. 6-2, at 10-12). However, Dennis has failed to begin the administrative review process concerning his alleged denial to an RRC placement under the Second Chance Act. Dennis has also failed to allege that any exhaustion would be futile. Therefore, the Court will dismiss the Petition.

B. DENNIS IS A FEDERAL INMATE HELD IN A FEDERAL FACILITY

Dennis filed a motion seeking clarification regarding Respondent referring to him as a "federal inmate." (Doc. 7). Specifically, Dennis states the following:

5

> Applicant does not challenge the execution of the judicial Sentence given in the State of New York. Rather the challenge is to nul tiel record that Warden Sage claims imprison him in the state against both federal Laws such as good time laws and FSA credits days laws. As well as without imprisoning in execution of the New York sentence but contractual agreements in Pennsylvania having nothing to do with personal custody of application.

(Doc. 7, at 1). The Court will grant Dennis' motion and provide a short explanation as to why Dennis is appropriately in the custody of the BOP.

Dennis has been convicted in the United States District Court for the Southern District of New York under a federal criminal statute 18 U.S.C. § 924(c) for using and carrying a firearm during and in relation to a drug trafficking crime and sentenced to a 60-month term of imprisonment. (Doc. 6-2, at 2, 6). Under 18 U.S.C. § 3621(a), a person found guilty of an offense described in any federal statute and sentenced to a term of imprisonment "shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released from satisfactory behavior pursuant to the provisions of section 3624." *See also* 18 U.S.C. § 3551(a). The Bureau of Prisons has the authority to designate the place of a prisoner's imprisonment. 18 U.S.C. § 3621(b); *Woodall,* 432 F.3d at 239.

Dennis is housed at UPS-Lewisburg. (Doc. 7, at 1). USP-Lewisburg is a federally owned and operated facility run by the BOP. *See* Federal Bureau of Prisons, "USP Lewisburg" https://www.bop.gov/locations/institutions/lew/index.jsp (accessed on Mar. 25, 2024). The Court acknowledges a desire to be housed close to home, which in Dennis' case is in New York. However, federal prisoners do not have a constitutional right to be housed in the institution of their choice. *McKune v. Lile,* 536 U.S. 24, 39 (2002). Once judicially committed to the custody of the BOP, the Attorney General, acting through the BOP, is responsible for calculating the duration and location of service of an offender's sentence. *See* 18 U.S.C. § 3621(a), (b); 18 U.S.C. § 3624(c); *see also United States v. Delacruz,* No. 17-77, 2020 WL

6

3405723, at *4 (M.D. Pa. Jun. 19, 2020) ("[T]he Court is without authority to control the BOP's placement of Defendant–the Court can neither directly assign Defendant to home confinement nor direct the BOP to do so.").

The Court also acknowledges that the Second Chance Act of 2007 permits eligible inmates the opportunity to serve some or all of the final twelve months of their sentence in a community correctional facility, also known as a halfway house, or and RRC. *See* 18 U.S.C. § 3614(c)(1). The maximum allowable placement in an RRC is 12 months. 18 U.S.C. § 3614(c)(1). However, the 12-month period is a statutory maximum and it is not mandatory that prisoners receive 12-months of pre-release placement. *See* 18 U.S.C. § 3624(c); *see Woodall,* 432 F.3d at 251 (stating that fact that "the BOP may assign a prisoner to [an RRC placement] does not mean that it must").

Therefore, Dennis' implications that he is being held in Pennsylvania without proper authority is without merit.

### III. CONCLUSION

Based on the foregoing, Dennis' motion seeking clarification is **GRANTED** and the Petition is **DISMISSED**. An appropriate Order follows.

Dated: May 1, 2024

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**